IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                        **Case No. 12-40043-01/02-RDR**

JAVIER VAZQUEZ-HERNANDEZ
and JOSE LUIS OSORIEO-TORRES,

        Defendants.

## **O R D E R**

This matter is presently before the court upon defendants' motions for an extension of time to file pretrial motions. Both defendants seek an extension of 31 days. Defendant Vazquez-Hernandez seeks an extension so he can discuss the discovery with his counsel and so his counsel can conduct an investigation of his case and research the applicable law. Defendant Osorieo-Torres also seeks an extension so his counsel can conduct an investigation of this matter. Both defendants note that the government does not object to these motions. These are the first requests for a continuance in this case by either defendant.

The defendants are charged in a two-count indictment with (1) conspiracy to possess with intent to distribute 500 grams of more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and (2) possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in

violation of 21 U.S.C. § 841(a)(1). The indictment also seeks forfeiture of certain property. The defendants are in custody pending trial. The current deadline for filing pretrial motions is May 1, 2012.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and defendants the time necessary to adequately prepare for trial, taking into account the

2

exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuances requested are in the interests of justice which outweigh the interests of the public and the defendants in a speedy trial.  Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

The defendants' motions shall be granted and they shall be allowed until June 1, 2012 in which to file pretrial motions.  The government shall be allowed until June 11, 2012 to file its responses.  The hearing on all pretrial motions filed in this case shall be held on June 25, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2012 at Topeka, Kansas.

                                 s/Richard D. Rogers
                                 United States District Judge